**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4037
_____

ABDUS SHAHID,
                                        Appellant

v.

BOROUGH OF DARBY
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-11-cv-02772)
District Judge:  Honorable J. William Ditter

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 13, 2014
Before:  SMITH, GARTH and ROTH, Circuit Judges

(Opinion filed: March 24, 2014)
_____

OPINION
_____

PER CURIAM

    Abdus Shahid, proceeding pro se, appeals from the District Court's order entering

judgment in favor of the Borough of Darby (the "Borough").  For the reasons set forth

below, we will affirm.

I.

In 2006, Shahid, a United States citizen and native of Bangladesh, bought a non-residential warehouse located in the Borough. The warehouse had ten separate rental units and was located across the street from a Borough office. After Shahid purchased the warehouse, three different units were occupied at various times and by different tenants. The Borough's Ordinance No. 118.5 states that "[n]o building may be occupied for nonresidential use by a person unless the owner or tenant thereof shall first have applied for and received a nonresidential occupancy permit application." (Dkt. No. 38, p. 3.) Once the application is received, the Borough may issue a nonresidential occupancy ("NRO") certificate. Shahid allowed several people to conduct business in the warehouse without NRO certificates, in violation of the ordinance.

In 2008, the Borough (through Joseph Nerelli, its Chief Code Enforcement Officer) notified Shahid of safety concerns it had about the warehouse, including disassembled vehicles parked on the property, a large silver trailer on the lot that needed to be removed, and a company storing plastic food containers at the site. There were no NRO certificates on file authorizing those activities. From 2008 to 2011, the Borough issued the following citations against Shahid in connection with his ownership of the warehouse: five for violating the Borough's sanitation ordinance; thirteen for violating Ordinance No. 118.5 due to a tenant at the warehouse who did not have an NRO certificate; one for failing to remove snow; and four for failing to remove trash. Shahid was convicted of violating the Borough's ordinances, as set forth in the citations.

Shahid then filed this civil rights action pursuant to 42 U.S.C. § 1983, claiming that the Borough discriminated against him on the basis of his race and national origin, thereby violating his rights under the Fourteenth Amendment. See Monell v. Dep't of Soc. Servs. of N.Y.C., 436 U.S. 658, 694-95 (1978). He alleged that the Borough's actions were part of a scheme to limit business in the Borough to African-Americans, and designed to specifically exclude him because he was from a foreign country. After conducting a bench trial on Shahid's discrimination claims, the District Court entered judgment in favor of the Borough. Shahid appeals.

II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Shahid argues that the District Court impermissibly based its adverse credibility finding on hearsay evidence and that its order was based on incorrect findings of fact. In response, the Borough argues that the District Court properly admitted the evidence and asks that we affirm the District Court's entry of judgment in its favor because Shahid has not met his burden of proving that the District Court's factual determinations were clearly erroneous.

Whether testimony is hearsay is a question of law over which we exercise plenary review. United States v. Vosburgh, 602 F.3d 512, 538 (3d Cir. 2010). To the extent the District Court's ruling was based on a permissible interpretation of the Federal Rules of Evidence, we review only for an abuse of discretion. United States v. Saada, 212 F.3d 210, 220 (3d Cir. 2000).

The District Court stated in its findings of fact that "Shahid's case is entirely dependent on his credibility and I find him not credible." (Dkt. No. 38, p. 2.) That finding was based on the District Court's observations of him during trial, his testimony, and its "conclusion that the invoice he produced . . . in this case and the invoices he produced" in an earlier case were "fraudulent." (Id.) The court in Shahid's earlier discrimination case concluded that he fabricated three invoices. The Borough offered those invoices, along with a nearly identical one that Shahid prepared in this case, as evidence of his fraud, not to prove the truth of the matters asserted therein. Fed. R. Evid. 801(c). We perceive no error in the District Court's considering the invoices, along with Shahid's demeanor and testimony, in reaching its conclusion that he was not credible.

We review the District Court's findings of fact for clear error. Fed. R. Civ. P. 52(a); Newark Branch, NAACP v. City of Bayonne, N.J., 134 F.3d 113, 120 (3d Cir. 1998). "To the extent that the District Court's conclusions rested on credibility determinations, our review is particularly deferential." Travelers Cas. & Sur. Co. v. Ins. Co. of N. Am., 609 F.3d 143, 156-57 (3d Cir. 2010). Because credibility determinations are "quintessentially the province of the trial court," we reject them only in "rare circumstances." Dardovitch v. Haltzman, 190 F.3d 125, 140 (3d Cir. 1999).

Such rare circumstances are not present in this case. The District Court concluded that there was "no credible evidence" that the Borough discriminated against Shahid and that his "allegations of discrimination are not supported by the evidence." (Dkt. No. 38, p. 6.) Shahid argues that the District Court's findings of facts are "not true," but offers

4

nothing substantive from the record below to support his assertions that the District Court's factual findings and credibility determinations were clearly erroneous. We must therefore defer to the District Court and will not disturb its findings on appeal.

III.

For the foregoing reasons, the judgment of the District Court entered September 19, 2013, will be affirmed.