**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-2542
_____

ABDUS SHAHID,
Appellant

v.

BOROUGH OF DARBY
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-15-cv-00533)
District Judge:  Honorable J. William Ditter, Jr.

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 1, 2016

Before:  FISHER, RESTREPO and SCIRICA, Circuit Judges

(Opinion filed: December 22, 2016)
_____

OPINION[*]
_____

PER CURIAM

      Abdus Shahid appeals from the order of the District Court dismissing his amended

complaint.  We will affirm.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

I.

Shahid is a United States citizen of Bangladeshi origin who owns various properties in Delaware County, Pennsylvania. He has filed several lawsuits under 42 U.S.C. § 1983 claiming that various municipalities have discriminated against him on the basis of his national origin. In one such suit, he claimed that the Borough of Darby discriminated against him by issuing numerous citations regarding a ten-unit warehouse building that he purchased in 2006. The District Court entered judgment in the Borough's favor following a bench trial, and we affirmed. See Shahid v. Borough of Darby, 560 F. App'x 152 (3d Cir. 2014).

The complaint at issue here concerns the same warehouse. In 2015, Shahid filed a complaint pro se under § 1983 alleging that the Borough of Darby was preventing him from leasing all ten units of the warehouse in order to "punish" him for his national origin. Shahid claimed, among other things, that one of his tenants set fire to the warehouse in January of 2015 and that the tenant was an "agent" of the Borough. Shahid also claimed that another tenant caused extensive damage to another unit. On the Borough's motion under Fed. R. Civ. P. 12(b)(6), the District Court dismissed Shahid's complaint without prejudice to his ability to file an amended complaint alleging with specificity how the Borough had harmed him.

Shahid then filed an amended complaint. This time, Shahid omitted his previous allegations regarding the Borough's alleged involvement in the fire and the damage to

another unit. Shahid claimed instead that the Borough: (1) failed to approve any rentals after the date of the fire; (2) condemned the entire property even though the fire damaged only two of the units; (3) prevented him from performing maintenance on the property; (4) refused to arrest someone who stole pipes and other materials from the property; and (5) gave unspecified letters to two tenants to assist them in court proceedings that Shahid brought against them. The Borough filed a motion to dismiss Shahid's amended complaint as well, and the District Court granted it and dismissed the amended complaint with prejudice. Shahid appeals.[1]

## II.

A § 1983 claim premised on discrimination/denial of equal protection requires a showing of purposeful discrimination. See Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 273 (3d Cir. 2014), cert. denied, 135 S. Ct. 1738 (2015). In this case, the District Court concluded that Shahid failed to state a plausible claim that the Borough discriminated against him and that further amendment would be futile. We agree.

Shahid's amended complaint contains only one specific allegation that even

---

[1] We exercise plenary review of the dismissal of a complaint under Rule 12(b)(6), and we review the denial of leave to amend for abuse of discretion. See Burtch v. Milberg Factors, Inc., 662 F.3d 212, 220 (3d Cir. 2011). To survive a motion to dismiss, a complaint must "allege enough facts to state a claim to relief that is plausible on its face." Id. (quotation marks omitted). "A complaint satisfies the plausibility standard when the factual pleadings allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (alteration and quotation marks omitted). "This standard requires showing more than a sheer possibility that a defendant has acted unlawfully." Id. at 221 (quotation marks omitted).

3

arguably raises an inference of discrimination. Shahid alleges that the Borough condemned his property in January of 2015 and prevented him from renting any of his ten units, but that "[p]revious American born landlord rented as many units as possible. Thus, Darby Borough's discriminatory policy or custom caused the underlying constitutional violation." (ECF No. 7 at 1 ¶ 4.)

The District Court concluded that Shahid did not raise a plausible inference of discrimination because the former "American born landlord" was not similarly situated. In particular, the District Court noted that the previous landlord owned the property before the fire leading to the condemnation, and it concluded that damage caused by another tenant as alleged in Shahid's initial complaint contributed to his inability to lease units as well.

Shahid appears to challenge the District Court's reliance on allegations contained only in his initial complaint. That challenge is well-taken in part,[2] but it is immaterial. Shahid's amended complaint and the materials attached to his response in opposition to the Borough's motion to dismiss continued to refer to the fire that he alleges prompted the condemnation. Thus, the mere fact that a previous American-born landlord was able to lease more units does not raise any inference that the Board had or exercised any

---

[2] The District Court expressly considered allegations contained only in Shahid's initial complaint. (ECF No. 10 at 6 n.6.) Shahid's amended complaint, however, superseded his initial complaint. See W. Run Student Hous. Assocs., LLC v. Huntington Nat'l Bank, 712 F.3d 165, 171 (3d Cir. 2013). Thus, the District Court should not have considered allegations contained only in the initial complaint in assessing the sufficiency of the amended complaint at the Rule 12(b)(6) stage. See id. at 172-73.

4

discriminatory animus toward Shahid.

Neither do any of Shahid's other factual allegations. Shahid alleges, for example, that Borough police refused to arrest someone whom Shahid claims stole various items from his property even though he identified the suspect. Shahid attributes that refusal to Borough President Janice Davis, whom he claims met with police before he did. Shahid alleges, however, that "what she told police supervisor plaintiff do not know." (ECF No. 7 at 4 ¶ 13.) Shahid also alleges that the Borough condemned his entire property even though an engineer's report stated that the fire damage was limited to only two units.

Shahid, however, has not alleged anything about these circumstances that raises any inference of discrimination. These allegations aside, Shahid's allegations of discrimination are entirely conclusory, and conclusory allegations are not sufficient to survive a motion to dismiss. See Burtch, 662 F.3d at 225. Finally, Shahid does not argue that the District Court should have given him leave to further amend, and nothing in Shahid's filings in the District Court or this Court suggests that doing so would be anything other than futile.

III.

For these reasons, we will affirm the judgment of the District Court.