**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2117
_____

ABDUS SHAHID,
                                        Appellant

v.

MARK POSSENTI; BOROUGH OF DARBY
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Civil Action No. 2:22-cv-01015)
District Judge: Honorable Gerald A. McHugh

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 15, 2022
Before: SHWARTZ, BIBAS, and PHIPPS, Circuit Judges

(Opinion filed: November 18, 2022)
_____

OPINION[*]
_____

**PER CURIAM**

Pro se appellant Abdus Shahid appeals the District Court's dismissal of his

complaint, in which he raised civil rights claims under 42 U.S.C. § 1983 against

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

defendants Mark Possenti and Darby Borough.  For the reasons that follow, we will affirm the District Court's judgment.

In 2022, Shahid filed a complaint in the District Court.  He stated that he owned a warehouse in Darby, Pennsylvania, which had ten rental units.  In his complaint and in additional filings in the District Court, Shahid alleged that from 2014-2022, Possenti — as manager of Darby Borough — illegally evicted Shahid's tenants, reinstalled those tenants, and used the police to extort rent from them for his own benefit.  Shahid believes that he was targeted for this action because of his race and national origin.  On defendants' motion, the District Court dismissed Shahid's complaint with prejudice for failure to state a claim.  In its decision, the District Court outlined Shahid's extensive history of prior state and federal lawsuits against Possenti and Darby Borough, raising similar or related allegations about his warehouse property.  The District Court cautioned Shahid that he could face sanctions if he submitted frivolous filings in the future, given his litigation history.  Shahid timely appealed.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.  We exercise plenary review over the District Court's dismissal of Shahid's claims.[1]  See Fowler v. UPMC Shadyside, 578 F.3d 203, 206 (3d Cir. 2009).

We agree with the District Court's dismissal of Shahid's claims.  As we have

---

[1]  In our review, we consider the complaint, any "document integral to or explicitly relied upon" in framing the complaint, see Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014) (internal citation and emphasis omitted), and any "undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document," see Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

explained before, Shahid's conclusory belief that he suffered discrimination, without factual allegations to support that belief, is insufficient to survive dismissal. See Burtch v. Milberg Factors, Inc., 662 F.3d 212, 225 (3d Cir. 2011) (explaining that conclusory allegations "are not entitled to assumptions of truth"); see also Shahid v. Borough of Darby, 666 F. App'x 221, 223 (3d Cir. 2016) (per curiam) (affirming the dismissal of Shahid's § 1983 claims of discriminatory treatment against Darby Borough in an action regarding his warehouse property, where Shahid did not provide factual allegations of discrimination).

Additionally, the District Court did not abuse its discretion by declining to grant Shahid leave to amend his complaint. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). Amendment would be futile under the circumstances of this case; Shahid has not provided any factual allegations in the District Court or on appeal to suggest that his claims could proceed. Further, the District Court appropriately noted both Shahid's bad faith actions and the prejudice to defendants if Shahid were granted leave to amend, given his extensive history of repetitive, meritless litigation against them.

Accordingly, we will affirm the judgment of the District Court.